578 F.2d 546
 17 Fair Empl.Prac.Cas. 1684, 17 Empl. Prac.
Dec. P 8430
Margaret C. PENNINGTON, Appellant,
v.
LEXINGTON SCHOOL DISTRICT 2, a body politic and corporate,
Mr. Herbert A. Wood, Administrative Superintendent of
Lexington School District 2, Mr. Paul Risinger, Principal,
Brooklyn-Cayce High School, and the following members of the
Board of Trustees: William L. Gantt, Marchant M. Harman, L.
T. Outlaw, Robert E. Livingston, Walter S. Walker, Benjamin
H. Whetstone, and W. Bryant Jennings, individually and in
their official capacities, either as members of the Board of
Trustees of Lexington District 2, Principal and
Administrative Superintendent, respectively, all jointly and
severally, officially and personally, Appellees.
 No. 76-1755.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 11, 1977.
Decided July 3, 1978.
 
 Jerry D. Anker, Washington, D. C. (Steven E. Silverman, Wald, Harkrader & Ross, David Rubin, Washington, D. C., Craig R. Davis, Medlock & Davis, Columbia, S. C., on brief), for appellant.
 Edward E. Poliakoff and George C. Beighley, Asst. Attys. Gen., Columbia, S. C. (Daniel R. McLeod, Atty. Gen., Columbia, S. C., on brief), for appellees.
 Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.
 BUTZNER, Circuit Judge:
 
 
 1
 The principal question raised by Margaret C. Penningtion in this appeal is whether a school board's policy that denies a teacher on maternity leave employment for the remainder of an entire school year violates § 703(a)(2) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(2).[1] Shortly after the appeal was argued, the Supreme Court decided Nashville Gas Co. v. Satty, 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), and we now remand the case for further consideration in light of that opinion.
 
 
 2
 In February, 1974, Mrs. Pennington, a French teacher, informed her principal that she was pregnant and requested a leave of absence of approximately 40 days at the beginning of the next school year. The superintendent and the trustees of the school district denied her request. They notified her that in accordance with their published policy she would be considered eligible for reemployment when her physician certified that she was physically fit for full-time work, and they guaranteed her the same position or one of comparable status and pay not later than the first day of the school year following the date of her eligibility for reemployment. Mrs. Pennington was physically able to return to work by October 15, 1974, but she was not offered a position until the beginning of the 1975-76 school year. In the meantime, the school district had employed another French teacher, and Mrs. Pennington was assigned to teach a different subject for which she was certified but not as proficient.
 
 
 3
 Mrs. Pennington does not seek pay for the period when she was physically unable to teach because of her pregnancy. She asks, however, for injunctive and declaratory relief and for back pay in the amount of the salary she would have otherwise earned in the 1974-75 school year had the board not refused to renew her contract.
 
 
 4
 The board's general leave policy provided in part:
 
 
 5
 (A)ny teacher who is absent for twenty consecutive school days shall be considered as unable or unwilling to fulfill his contract and shall have his name removed from the payroll. This does not preclude reinstatement if there were valid reasons for the absences.[2]
 
 
 6
 Although the board's general leave policy does not guarantee reinstatement, the evidence disclosed that teachers who are absent because of sickness for more than 20 days are reinstated during the current school year when their health permits. The school board introduced no evidence to indicate that its practice of reinstating employees who had extended illnesses occurred only in isolated instances. Thus for all practical purposes, employees who were on extended leave for disabilities other than pregnancy were assured reinstatement at the termination of their leave. This practice is consistent with the board's policy which expressly states that extended general leave will not preclude reinstatement. In contrast, the maternity leave policy makes no provision for reinstatement until the next year, save in exceptional cases.
 
 
 7
 The district court ordered the school board to offer Mrs. Pennington a contract for the 1974-75 school year. Nevertheless, it approved the board's policy of requiring her to remain on maternity leave throughout the entire year because in its view, the maternity leave policy, which guaranteed a comparable position at the beginning of the next year, was more favorable than the district's general leave policy, which had no similar guarantee.
 
 
 8
 For reasons stated by the district court, we affirm that part of its judgment which required the board to offer Mrs. Pennington a contract for 1974-75. However, we vacate that part of the judgment that permitted the board to exclude Mrs. Pennington from employment for the entire 1974-75 school year, and we remand for reconsideration of that aspect of the case.
 
 
 9
 In Nashville Gas Co. v. Satty, 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), the Court invalidated a facially neutral leave of absence policy which, without business necessity, denied accumulated seniority to employees returning from maternity leave while retaining seniority for employees who were absent because of any other disability. The Court pointed out that Title VII does not "permit an employer to burden female employees in such a way as to deprive them of their employment opportunities because of their different role." 98 S.Ct. at 351. Here, as in Satty, a comparison of the maternity and general leave policies shows that the board has "imposed on women a substantial burden that men need not suffer." 98 S.Ct. at 351. Therefore, unless the board's maternity leave policy can be justified by business necessity, it violates § 2000e-2(a)(2). See Satty, 98 S.Ct. at 351-52.
 
 
 10
 In Satty the Court found no proof of business necessity. We, however, are unable to rule on that issue with the same assurance. The school board contends that their policy is designed to further continuity of instruction. They find support for their position in Cleveland Board of Education v. LaFleur, 414 U.S. 632, 650, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), where the Court approved a regulation deferring reemployment until the next school year. LaFleur involved a constitutional controversy that arose before Title VII was made applicable to school districts, and undoubtedly it bars Mrs. Pennington's claims to relief under the fourteenth amendment. The opinion, however, expressly notes that it is not dispositive of a Title VII claim. 414 U.S. at 638-40 n.8, 94 S.Ct. 791. Mrs. Pennington argues that LaFleur also approved a policy that deferred reemployment only during the current semester and not for the entire year. 414 U.S. at 649, 94 S.Ct. 791. In addition, she argues that the measures to obtain continuity of instruction should be no different for pregnancy than for other temporary disabilities. In support of this argument, she points to neighboring school districts in South Carolina which presently have the kind of maternity leave policy that she advocates. These arguments and others, which both parties press, are pertinent to the issue of business necessity.
 
 
 11
 Since the district court tried this case before Satty was decided, it had little guidance about the importance of determining business necessity in this type of litigation. Consequently, it did not fully address the issue. We believe the parties should have the opportunity to initially litigate the question in the district court in light of Satty, reopening the record, if necessary, for the introduction of additional evidence. We therefore remand the case so the district court can decide, in accordance with the principles expressed in Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), and Robinson v. Lorillard Corp., 444 F.2d 791, 797-99 (4th Cir. 1971), whether the school officials can show a business necessity for their maternity leave policy.
 
 
 12
 The judgment of the district court is affirmed in part, vacated in part, and remanded for further proceedings.
 
 
 
 [1]
 42 U.S.C. § 2000e-2(a)(2) provides:
 It shall be an unlawful employment practice for an employer
 (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.
 
 
 [2]
 The school board also issued regulations governing sick pay. This aspect of its policy, however, is not of material significance with respect to this appeal